WATTS, J.,
dissenting, which McDONALD, J., joins.
Respectfully, I dissent.
Under the circumstances of this case, I would find that the Court should exercise its discretion, pursuant to Maryland Rule 8-131(a), to review the legality of the sentence, and I would hold that the State failed to prove the two predicate offenses beyond a reasonable doubt.
In Dove v. State, 415 Md. 727, 746, 4 A.3d 976, 987 (2010), we held: “When the State seeks an enhanced penalty, the State must prove each element of the enhanced penalty statute beyond a reasonable doubt, including the defendant’s identity in the previous qualifying convictions.” (Citations omitted). Dove was issued on September 21, 2010, approximately two weeks before the sentencing in the instant case occurred on October 4, 2010. Thus, at the time of Petitioner’s sentencing, proof of identity — that Petitioner was the defendant in the predicate offenses — was required.
*675 Here, the State failed to prove beyond a reasonable doubt that Petitioner was the defendant in the two predicate offenses. At sentencing, the State introduced into evidence certified copies of docket entries for two convictions: a 1995 conviction and a 2001 conviction. The certified copy of the docket entries for the 1995 conviction indicated that on October 20, 1995, a Tyrone Bryant, born April 23, 1971, was sentenced to three years’ imprisonment for possession of a controlled dangerous substance with intent to distribute, with credit for time served beginning June 29, 1995. The certified copy of the docket entries for the 2001 conviction reflected that on July 13, 2001, a Tyrone Bryant, born April 23, 1971, was sentenced to ten years’ imprisonment for possession of a controlled dangerous substance with intent to distribute, with credit for time served beginning October 9, 2000.
Oddly, the State’s fingerprint examinations expert admitted on cross-examination at sentencing that she had no “scientific training” in making fingerprint comparisons and agreed that she was “a layperson in that regard!.]” Defense counsel moved to strike the expert’s testimony, and, although denying the motion, the circuit court stated that the expert’s testimony would not “play a role” in the circuit court’s sentencing decision.
The State produced a witness, Bibika Cash, who testified that she reviewed a file for inmate number 301637,[1] and according to the file, the inmate, Tyrone Bryant, was born November 22, 1969, and had been incarcerated, under case number 200271002, from October 9, 2000, to September 12, 2007. When asked how she was able to identify inmate number 301637 as Tyrone Bryant, Cash responded that the file contained a “photo ID picture” with the name Tyrone Bryant and the identification number on it.[2] Cash thus identi *676 fíed Petitioner as Tyrone Bryant, with a date of birth of November 22,1969, and inmate number 301637, as the subject of the 2000 incarceration; Cash made no attempt to identify Petitioner as the subject of the 1995 conviction.
“Tyrone Bryant” is a common name. And, as evidenced, there was a discrepancy in the dates of birth of the individual listed as the subject of the 1995 and 2001 convictions and the date of birth of Petitioner as identified by Cash. Other than Cash identifying a photograph of Tyrone Bryant as the subject of the 2000 incarceration, there was no evidence identifying Petitioner as the subject of either the 1995 or 2001 conviction. And the dates of birth for Petitioner varied in the Department of Corrections records and the certified copies of docket entries for the 2001 conviction. Thus, in my view, the evidence was insufficient to establish beyond a reasonable doubt that Petitioner was the subject of either the 1995 or the 2001 conviction. In sum, I would hold that: (1) the State failed to prove the predicate offenses beyond a reasonable doubt, in that there was no testimony or evidence establishing beyond a reasonable doubt, or even at all, that Petitioner was the subject of the 1995 conviction; (2) the State failed to prove Petitioner was the subject of the 2001 conviction; and (3) the State failed to prove the 1995 and 2001 convictions pertained to the same person, given the common name and discrepancy in dates of birth.
Although the Majority states that the record before the circuit court included, among other things, the pre-sentence investigation report (“the Report”) and docket entries with the same state identification (“SID”) number, a review of the transcript of the sentencing hearing reveals that the circuit court did not rely on the Report or the SID number in finding that the predicate convictions had been established beyond a reasonable doubt, and neither the Report nor the SID number establishes beyond a reasonable doubt that Petitioner was the subject of either conviction. The circuit court simply añ *677 nounced, based on its review of the “State’s exhibits,” that the two predicate convictions were established beyond a reasonable doubt. As to the SID numbers, in State v. Dett, 391 Md. 81, 85, 891 A.2d 1113, 1115 (2006), we stated, “[a] SID ... number is a unique number directly linked to an individual’s fingerprints. Because of that link, no two persons should have the same SID number; nor, if the proper procedures are followed, should a person ever have more than one SID number.” (Emphasis added) (footnote omitted). The critical language is “if the proper procedures are followed.” In circumstances, such as here, where there are discrepancies in the identifying information related to the prior convictions, it is critical that the matching SID numbers were the result of “proper procedures” if they are the sole or primary basis for a finding beyond a reasonable doubt. There is no information in the record regarding how the SID number — 000992305—was obtained or entered for Petitioner for either the 1995 conviction or the 2001 conviction. For example, had the circuit court chosen to rely on the SID number — which the record reflects it did not — the circuit court would have had no way of knowing whether two defendants with the same name but different dates of birth were assigned the same SID number. This Court is confronted with the circumstances that the SID number 000992305 is assigned to a defendant in two court files where the defendant has a common name; a different date of birth is attached to Department of Corrections records pertaining to one of the cases (the 2001 case) and to the Report; and Petitioner has not been identified in any manner as being the subject of the conviction in the second case (the 1995 case). It is impossible to conclude beyond a reasonable doubt that “proper procedures were followed” and the instant SID number applies solely to Petitioner.
As to the Report, the State did not introduce a copy of the Report into evidence during sentencing — i.e., there is no indication that the Report was one of the State’s exhibits that the circuit court reviewed-and the circuit court neither mentioned the Report in its determination nor otherwise indicated that the Report contained information concerning the predicate *678 convictions. Thus, there is no basis to conclude that the Report is a part of the evidence available for consideration by this Court in reviewing the reasonable doubt determination. Adding to the confusion, and undermining proof of Petitioner’s identity beyond a reasonable doubt, the Report identifies Petitioner’s date of birth as November 22,1969.
I am aware that the circuit court had the Report, and that the parties referred to the report after the circuit court announced its determination as to the predicate convictions. This falls far short, however, of establishing that the Report was an “exhibit,” or that the circuit court reviewed or relied on the Report in making the determination. And, defense counsel did not concede the accuracy of the Report prior to the circuit court’s determination.[3] If the standard for proving predicate convictions was a “more likely than not” or preponderance standard, then perhaps discussing the Report after the fact would be sufficient to permit a holding now that the Report was an exhibit, and the circuit court likely considered it prior to making its determination. The standard for proving predicate convictions, however, is proof beyond a reasonable doubt; and from the record in this case, it cannot be discerned that the Report was part of the evidence or that the circuit court relied on or even saw the Report before making its determination that the State established the predicate convictions beyond a reasonable doubt.
Here, we address the imposition of a mandatory minimum sentence of twenty-five years’ imprisonment without the possibility of parole under the standard of proof beyond a reasonable doubt. We should not infer evidence as to Petitioner’s identity for the 1995 and 2001 convictions where such evidence does not exist and was not proven beyond a reasonable doubt. I would remand for resentencing, including a determination by *679 the circuit court as to the establishment of the two predicate offenses beyond a reasonable doubt.[4]
Judge McDONALD has authorized me to state that he joins in this opinion.

. The Majority refers to this number as “DOC ID number 301-637.” See Majority Op. at 657-58, 672, 84 A.3d at 127-28, 136-37.

. The inmate identification number — 301637—is distinct from the state identification (“SID”) number — 000992305—allegedly assigned to Tyr *676 one Bryant. Cash was not questioned about any SID number allegedly assigned to Petitioner.

. Although the Majority accurately observes that when asked whether his position was that these were not Petitioner's convictions, defense counsel responded, "I can’t speak, I can’t say that right now[,]” the response did not alleviate the State of the burden to prove the predicate offenses beyond a reasonable doubt.

. “Historically, [the Supreme Court] has found double jeopardy protections inapplicable to sentencing proceedings, because the determinations at issue do not place a defendant in jeopardy for an ‘offense[.]’ ” Monge v. California, 524 U.S. 721, 728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998) (internal citations omitted). In Monge, 524 U.S. at 724, 729, 118 S.Ct. at 2248, 2251, the Supreme Court held that the exception established in Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) — that the Double Jeopardy Clause applies to sentencing proceedings in capital cases — does not extended to non-capital sentencing proceedings because:
[sentencing decisions favorable to the defendant! ] cannot generally be analogized to an acquittal. We have held that where an appeals court overturns a conviction on the ground that the prosecution proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial. Where a similar failure of proof occurs in a sentencing proceeding, however, the analogy is inapt. The pronouncement of sentence simply does not “have the qualities of constitutional finality that attend an acquittal.”
(Internal citations omitted).